UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SAMS HOTEL GROUP, LLC d/b/a/ )
HOMEWOOD SUITES HOTEL, )
    Plaintiff, )
     )
    vs. ) Case No. 1:09-cv-930-TWP-TAB
     )
ENVIRONS, INC., )
    Defendant. )

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the court on the parties' cross-motions for summary judgment. It is not uncommon for a court to be confronted with cross-motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. "In such situations, courts must consider each party's motion individually to determine if that party has satisfied the summary judgment standard." *Kohl v. Ass'n. of Trial Lawyers of America*, 183 F.R.D. 475 (D. Md.1998). Thus, in determining whether genuine and material factual disputes exist in this case, the Court must consider the parties' respective memoranda and the exhibits attached thereto, and construe all facts and draw all reasonable inferences therefrom in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Factual Background*

On February 12, 2009, the Building Commissioner of Allen County, Indiana, issued an order to demolish a Homewood Suites Hotel under construction in Ft. Wayne, Indiana. This decision was made due to the dangers posed by the hotel's structural instability. Plaintiff, SAMS Hotel Group ("SAMS") owned the building and abided by the order, thereby sustaining losses. Not surprisingly, SAMS has been locked in litigation with the various parties who contributed to the design and construction of the razed hotel.

SAMS initially filed this lawsuit against three parties: (1) Environs, Inc. ("Environs"), the architectural firm it hired to design the hotel and to perform certain oversight functions during construction; (2) Nucon Steel ("Nucon"), which provided the steel framing for the hotel; and (3) DSI Engineering, Inc. ("DSI"), which provided engineering services in connection with the steel framing. Environs is the only party who had entered into a contract with SAMS. The lawsuit was originally filed in state court, but the Defendants removed it to this Court and subsequently stipulated to the dismissal of Nucon and DSI. Thus, Environs is the only remaining Defendant in this action.

In its complaint, SAMS asserts claims for breach of contract and professional negligence against Environs. SAMS' claims are premised on the theory that flaws in the

design of the new hotel caused or contributed to its instability and ultimate demolition. SAMS filed a motion for partial summary judgment (Dkt. 65), arguing that the contractual clause relied on by Environs is an exculpatory clause that is unenforceable under Indiana law and against public policy. Environs countered with its own motion for partial summary judgment (Dkt. 68). Environs' motion makes two arguments: (1) it is entitled to summary judgment on all negligence claims, and (2) pursuant to the express terms of the contract, its liability on the breach of contract claim is limited to $70,000.00.

## *Negligence Claim*

After this lawsuit was filed, the Indiana Supreme Court issued its decision in *Indianapolis-Marion County Public Library v. Charles Clark & Linard, P.C.,* 929 N.E.2d 722 (Ind. 2010), an instructive case that clarifies several aspects of Indiana law governing construction defect cases. In that case, the Indianapolis public library sought to recover damages from, among others, engineering subcontractors who allegedly provided a defective design for an underground parking lot at the foundation of a large addition to, and renovation of, the downtown library campus. *Id.* at 725. The Indiana Supreme Court held that even in the realm of construction services, the economic loss rule precludes an owner's recovery in tort for damages other than for personal injury or damage that might occur to other property. *Id*. at 742. Quoting directly from a recent decision authored by the Arizona Supreme Court which had been faced with circumstances similar to those presented by the Indianapolis library construction project,

the Indiana Supreme Court stated:

> The Arizona Supreme Court recently gave extended treatment to the justification for applying the economic loss rule in the construction context. In a case much like the one before us, the plaintiff project-owner argued that it should be allowed to proceed in tort against a project's architect. But the court said:
>
>> The economic loss doctrine appropriately applies in this context [construction defect cases] because construction contracts typically are negotiated on a project-specific basis and the parties should be encouraged to prospectively allocate risk and identify remedies within their agreements. These goals would be undermined by an approach that allowed extra-contractual recovery for economic loss based not on the agreement itself, but instead on a court's post hoc determination that a construction defect posed risks of other loss or was somehow accidental in nature.

*Id.* at 737 (quoting *Flagstaff Affordable Housing Ltd. Partnership v. Design Alliance, Inc.,* 223 P.3d 664, 670 (Ariz. 2010).

In reaching this conclusion, the Indiana Supreme Court rejected the view that the economic loss rule should apply only to product liability cases and not cases asserting the negligent provision of professional services. *Id.* at 742. It also reasoned that much like a product liability situation, the damages being sought by the public library were essentially to the "product" itself, not to "other property." *Id.* at 731-32. Further, the court discounted the notion that, because there was imminent risk to the public as a result of the faulty design, public policy should bar the application of the economic loss rule. *Id.* at 734.

The *Indianapolis-Marion County Public Library* case is controlling with regard to

SAMS' negligence claim. The damages at issue here are virtually identical to the damages involved in that case. In its supplemental brief filed after *Indianapolis-Marion County Public Library*, SAMS effectively conceded this point, arguing only that the decision has no application to SAMS's breach of contract claim.[1] Accordingly, SAMS may not recover damages from Environs under a negligence theory.

## *Limitation Of Liability For Damages*

The contract between SAMS and Environs is a signed letter agreement sent from Environs to SAMS on February 22, 2007. The contract was signed by SAMS' President on March 3, 2007. It contains the following provision:

> The Owner agrees that to the fullest extent permitted by law, Environs Architect/Planners, Inc. total liability to the Owner shall not exceed the amount of the total lump sum fee due to negligence, errors, omissions, strict liability, breach of contract or breach of warranty.

The lump sum amount of the contract was $70,000.00. The above language notwithstanding, SAMS claims that this provision is unenforceable because it does not meet the prerequisites for a valid exculpatory clause under Indiana law. Citing several Indiana cases addressing exculpatory clauses, SAMS contends that in order to be enforceable, the language of the contract must make it unequivocally clear that a party is limiting its liability for its own wrongful acts.

---

[1] In a footnote to its supplemental brief, SAMS stated that it previously addressed why the economic loss doctrine does not apply to its negligence claim, but the arguments it "previously" made were no different than those rejected by the Indiana Supreme Court in

Unfortunately for SAMS, its argument runs into some formidable obstacles. First, none of the Indiana state court decisions it cites dealt with a construction services contract and a claim for purely economic damages. The cases relied upon by SAMS addressed exculpation of tort liability, not a limitation of damages provision such as the one at issue. The *Indianapolis-Marion County Public Library* case and the economic loss doctrine make clear there is no tort liability in situations where there is no personal injury or damage to other property. Even more importantly, here, the limiting language in the contract is unmistakably clear. This is not a situation where an unsuspecting or unknowing party is disadvantaged by a murky provision. This is a contract between two experienced business entities; in fact, this is the second contract that Environs and SAMS' principal, Ash Lakhany, had entered into regarding the design of a hotel. Both contracts contained a limitation of liability provision limiting Environs' total liability for negligence, errors, omissions, strict liability, breach of contract or breach of warranty to the lump sum of the contract. Even a person with limited business acumen would interpret this contract to mean that Environs could owe SAMS no more than what it was paid if it did not deliver a sound design as promised. The parties were clearly and unequivocally aware of the limitations of the liability provision.

In the end, this is a construction defect case where the owner and architect unambiguously agreed to limit the architect's liability in connection with its provision of

---

*Indianapolis-Marion County Public Library.*

services. If SAMS wanted greater protection from a negligent design, it could have obtained such protection through different contractual terms or a performance bond. The terms of the contract are enforceable and limit Environs liability to the "total lump sum fee" it was paid.

## *Conclusion*

For the reasons identified in this entry, Plaintiff's Motion for Partial Summary Judgment (Dkt. 65) is **DENIED** and Defendant's Motion for Partial Summary Judgment is **GRANTED** (Dkt. 68). Defendant's liability to Plaintiff is limited to the lump sum fee paid by Plaintiff pursuant to the signed letter agreement dated February 22, 2007.

**IT IS SO ORDERED.**

Date: 03/02/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com