UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMS HOTEL GROUP, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-930-TWP-TAB |
| | ) | |
| ENVIRONS, INC, | ) | |
|     Defendant. | ) | |

**ORDER ON MOTIONS TO EXCLUDE EXPERTS**

**I.    Introduction**

Plaintiff Sams Hotel Group, LLC hired Defendant Environs, Inc. to provide architectural services for a hotel it planned to build in Fort Wayne. The resulting hotel was so unstable that the local building department ordered its demolition. Plaintiff alleges that Defendant's negligent design substantially contributed to the hotel's instability; Defendant lays blame on poor construction practices, poor soil conditions, and the actions of nonparties and Plaintiff. Both parties seek to present expert testimony on these topics, and before the Court are motions to limit or exclude the testimony of three experts. [Docket Nos. 115, 117.]

**II.    Discussion**

    *A.    Defendant's motion to preclude expert testimony of James McClain*

Defendant moves to preclude the testimony of James McClain, who Plaintiff did not disclose as an expert but is expected to testify that Defendant failed to design the hotel for lateral wind and seismic shear. [Docket No. 115.] Plaintiff responds that McClain is "primarily" a fact witness and that his opinions and documents were provided to Defendant long ago.

Federal Rule of Civil Procedure 26(a)(2) requires disclosure of expert witnesses

and—depending on whether the witness was retained or employed to provide expert testimony—a written expert report or a statement concerning the expected testimony. Failure to disclose an expert can result in exclusion of the expert's testimony unless the nondisclosure was substantially justified and does not harm the other party. Fed. R. Civ. P. 37(c)(1). In determining whether to exclude an undisclosed expert, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) that party's ability to cure any prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

McClain, a structural engineer with Structural Engineering Services, was not retained or employed to testify. Rather, he participated directly in the hotel project, performing a video walkthrough of the structure and investigating before its demolition. Defendant has known of McClain's involvement and opinions since before this litigation began. Plaintiff states that it first provided Defendant with McClain's opinions in May 2009, when the parties were attempting to negotiate this dispute. [Docket No. 125 at 2.] After litigation began, Plaintiff identified McClain as a fact witness in its initial disclosures and produced documents containing his conclusion that "all three towers were to have been shear towers to take the wind/seismic loads on the building. If this were the case then all three towers should have had a properly designed mat footing under each tower." [Docket No. 125, Ex. A at 4, Ex. B at 13.] McClain's observations and opinions were also included in third-party documents produced to Defendant. [Docket No. 125, Ex. D.] Finally, Plaintiff included McClain in its preliminary and final witness and exhibit lists. [Docket Nos. 50 at 1; 114 at 1.]

Plaintiff is correct that no expert report is required because McClain was not retained or employed to provide expert testimony. The problem that could arise at trial, however, is that McClain's testimony may stray into matters more properly reserved for the traditional expert specifically retained for trial. This possibility lurks given Plaintiff's statement that McClain is "primarily" a fact witness. The proper scope of that testimony is ultimately an issue for the trial judge. Striking McClain's testimony at this point would be inappropriate.

This is particularly so given that after Defendant's motion became ripe, the March 21, 2011, trial was vacated and reset for July 11, 2011. [Docket No. 130.] Defendant now has an opportunity to cure any alleged prejudice without disrupting the trial date by deposing McClain and retaining its own structural engineer, thereby undercutting Defendant's claim of "trial by surprise." [Docket No. 129 at 4.] Moreover, there is no evidence that Plaintiff's failure to disclose McClain as an expert was in bad faith, particularly because McClain's opinions were made available to Defendant from the beginning. The Court therefore declines to preclude McClain's testimony and denies Defendant's motion. [Docket No. 115.]

  *B.*  *Plaintiff's motion to exclude reports of Timothy Specht and William Norman*

Plaintiff moves to exclude the expert reports of Defendant's experts Timothy Specht and William Norman to the extent the reports relate to (1) the adequacy of Defendant's design or whether Defendant breached the standard of care; (2) comparative causation of nonparties; and (3) the qualifications of Defendant or its principal, Michael Sapp. [Docket No. 117.]

  **1.**  **Adequacy of design**

Plaintiff moves to exclude Specht's and Norman's testimony about the adequacy of Defendant's hotel design. Plaintiff objects to Specht because he did not analyze Defendant's

design, but instead relied on the opinions of Steve Hoffman, who has not been disclosed as an expert. Plaintiff stresses that Specht testified in deposition that he was not qualified to analyze the building's design [Docket No. 118, Ex. E at 32:12–24] and argues that Specht is merely serving as a mouthpiece for the opinions of Hoffman.

An expert cannot merely act as a mouthpiece for the opinions of others. *See Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) ("A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty."). Specht testified that he relied on Hoffman's design analysis because he "wasn't qualified for that." [Docket No. 118, Ex. E at 32:24.] And Defendant does not respond to Plaintiff's objections regarding Specht. [*See* Docket No. 126 at 5.] The Court therefore grants Plaintiff's motion as to Specht on this point.

Norman indicates in his expert report that he inspected the site twice and reviewed the structural analysis survey by Goulaff-Jordan Surveying and Design, but Norman's report expresses no expert opinion about the building's soundness. In fact, Norman states:

> Engineers and Architects might debate this case endlessly as to whether or not the building was structurally sound. Additionally, one does not even have to understand the structural engineering aspects to see that the structure has already demonstrated its capability to withstand severe winds. Winds have been sustained by this building in excess of 60 MPH on several occassions and in excess of 70 MPH on one occasion without failing. These loads already sustained are a testament to the structural capability of the building.

[Docket No. 126, Ex. 1 at 2.]

Federal Rule of Evidence 702 requires that expert testimony be grounded in scientific, technical, or other specialized knowledge and assist the trier of fact. Norman's reference to the building's structural capacity is grounded in common sense and admittedly requires no specialized

4

knowledge. Moreover, Norman testified in deposition that he performed no structural analysis on the building and did not know whether it had any design defects. [Docket No. 118, Ex. F at 19:24–20:13, 23:22–24.] Any "expert" opinion offered by Norman as to the design's adequacy would therefore be based on insufficient facts and would not be appropriate. The Court grants Plaintiff's motion as to Norman on this point.

### 2. Comparative causation

Plaintiff moves to exclude Specht's and Norman's testimony about other possible causes of defects in the building, such as foundational problems. Plaintiff points to authority that "Indiana does not recognize comparative causation in breach of contract claims." *Parke State Bank v. Akers*, 659 N.E.2d 1031, 1035 (Ind. 1995) (plurality) (citing *Fowler v. Campbell*, 612 N.E.2d 596, 602 (Ind. Ct. App. 1993)). In Indiana,

> [t]he test of causation in common law contract actions in not whether the breach was the only cause, or whether other causes may have contributed, but whether the breach was a substantial factor in bringing about the harm.

*Fowler*, 612 N.E.2d at 602.

Defendant responds that comparative causation testimony is relevant to Plaintiff's negligence claim. Defendant is correct that comparative causation is relevant to negligence. Ind. Code § 34-51-2-6(a) ("In an action based on fault . . . the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."). However, after the recent grant of summary judgment on Plaintiff's negligence claim [Docket No. 141 at 5], negligence is no longer in play.

Defendant also argues that comparative causation is relevant to whether the alleged breach of contract was "the substantial factor" in Plaintiff's alleged damages. [Docket No. 126

5

at 7.] Defendant cites *Fowler* for this proposition, but *Fowler* requires only that an alleged breach be "a" substantial factor in bringing about harm, and *Parke State Bank* explicitly states that Indiana does not recognize comparative cause of action in breach of contract claims. Evidence of comparative causation is therefore irrelevant, and the Court grants Plaintiff's motion to exclude Specht's and Norman's testimony on this issue.

### 3. Qualifications of Defendant and Sapp

Plaintiff moves to exclude Specht's and Norman's testimony that Defendant and Sapp were qualified to serve as structural engineer of record or to perform the structural engineering design for the hotel. [Docket No. 118 at 14.] Defendant responds that Specht and Norman should be permitted to testify as to Sapp's qualifications because they each have over 20 years of service in the architectural and engineering fields and spoke with Sapp about his work history. [Docket No. 126 at 8–9.]

Specht testified that Sapp was "properly the engineer of record." [Docket No. 118, Ex. E at 48:3–6.] Specht based this opinion on his knowledge that Sapp had "done 300 hotels and over twenty 6-story buildings, and he said he hadn't had problems before." [*Id.* at 50:11–22.] Specht performed no independent analysis of Sapp's qualifications. [*Id.* at 50:23–25.] Norman testified that he had no opinion about whether Sapp is competent to perform structural engineering. [Docket No. 118, Ex. F at 33:8–10.]

Federal Rule of Evidence 702 permits expert testimony based on sufficient facts or data. Under this standard, Specht may not testify about Sapp's qualifications. Specht, despite his experience in the industry, did not have sufficient facts or data to opine about Sapp's qualifications. Specht relied only on the number of Sapp's successful projects but did not know,

6

for example, whether the 300 problem-free hotels were substantially similar, or whether Sapp had completed 300 unique projects. And the absence of trouble with Sapp's earlier work does not necessarily translate into qualification to work on this project. Specht therefore may not testify about Sapp's qualifications. Likewise, Norman, who has testified that he has no opinion about Sapp's qualifications, may not offer one at trial.

## III. Conclusion

For these reasons, Defendant's motion to preclude the expert testimony of James McClain is denied [Docket No. 115], and Plaintiff's motion to exclude portions of the testimony and reports of Timothy Specht and William Norman is granted. [Docket No. 117.]

Dated: 3/15/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com