UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMS HOTEL GROUP, LLC d/b/a<br>HOMEWOOD SUITES HOTEL,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONS, INC.<br><br>Defendant. | CASE NO. 1:09-cv-0930-TWP-TAB |

## ENTRY ON PLAINTIFF'S MOTION TO CERTIFY
## ORDER FOR INTERLOCUTORY APPEAL

Plaintiff, SAMS Hotel Group, LLC d/b/a Homewood Suites Hotel ("SAMS") has moved the Court to certify it's March 2, 2011 Entry on Cross-Motions for Summary Judgment (Dkt. 141) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below SAMS' motion (Dkt. 142), is **DENIED**.

The Court will not recite the facts, as the parties involved are well versed on the facts. Nor will the Court delve into statutory criteria required for the grant of a Section 1292(b) petition beyond listing them: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

Ultimately, interlocutory appeals are reserved for exceptional or rare cases. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (the party seeking an interlocutory appeal must show that exceptional circumstances justify a departure from the

basic policy of postponing appellate review until after the entry of a final judgment). Certification of an order for interlocutory appeal is contrary to the federal policy against piecemeal litigation and is not a routine procedure. *Id*. The Court finds the given circumstances, do not satisfy the required statutory criteria.

A district court may authorize the appeal of an interlocutory order if "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and…an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. The language in the contract is unambiguous and this Court's resolution of the issue does not involve a controlling question of law as to which there is a substantial difference of opinion. However, assuming arguendo that the first three prongs of the statute were met, the final statutory criteria clearly does not apply in this case.

Here, interlocutory appeal would not have the effect of speeding up this litigation or raising its efficacy, but would have the opposite effect of delaying resolution. This fact is amplified by the quickly approaching trial date. The final pretrial conference is currently scheduled for June 22, 2011, and the bench trial set to commence July 11, 2011. Additionally, a successful interlocutory appeal would not eliminate the need for trial. *See Amoroso v. Crescent Private Capital, L.P.*, 2003 WL 22839807, at *3 (N.D.Ill. November 23, 2003). The parties would need to resolve the issue of liability at trial regardless of the limitation on damages - which this Court has determined applies. With trial as inevitability, certification would not speed up this case but assuredly slow it down. *See Id*.

For the aforementioned reasons, SAMS' Motion to Certify the Court's Order for Interlocutory Appeal (Dkt. 142) is **DENIED**.

Date: 04/11/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com,dmonts@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com,esavage@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com,ceconnor@gmail.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com,kblack@psrb.com

M. Edward Krause , III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com,sllerena@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com,rtreesh@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com