UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMS HOTEL GROUP, LLC d/b/a | ) | |
| HOMEWOOD SUITES HOTEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:09-cv-0930-TWP-TAB |
| v. | ) | |
| | ) | |
| ENVIRONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO BIFURCATE TRIAL

This matter comes before the Court on Defendant Environs, Inc. ("Environs") Motion to Bifurcate Trial for Trying Issues of Liability and Damages (Dkt. 149). The issues have been fully briefed. For the reasons set forth below, the Court now **DENIES** Environs' Motion to Bifurcate its July 11, 2011 trial.

The Court will not recite the facts, as the parties involved are well versed on the facts. Through this Motion, Environs argues that the costs of trying damages would be premature when viewed in the context of a $70,000.00 limitation on damages. Plaintiff SAMS Hotel Group, LLC d/b/a Homewood Suites Hotel ("SAMS") opposes this Motion on several grounds. SAMS first asserts that if this Court were to end its analysis at liability, there would not be an appealable judgment. SAMS secondly contends that for efficiency reasons, both liability and damages should be determined now so that if the limitation of damages is not upheld on appeal; the Court would only need look to its prior determination of damages. Lastly, SAMS argues that the issue of damages is too intertwined with the determination of liability to be tried separately.

A court may order a separate trial of any issue when a separate trial would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to

expedition and economy...." *MCI Communications v. American Tel. & Tel. Co.,* 708 F.2d 1081, 1166 (7th Cir. 1983); Fed.R.Civ.P. 42(b); s*ee also Berry v. Deloney,* 28 F.3d 604, 610 (7th Cir. 1994). Bifurcation is proper when: 1) it serves the interest of judicial economy or is done to prevent prejudice to a party; 2) it does not unfairly prejudice the nonmoving party; and 3) it does not violate the 7th Amendment. This Court has discretion to bifurcate pursuant to Rule 42(b) and considers the benefits and drawbacks to bifurcation on a case by case basis. *See Krocka v. City of Chi.,* 203 F.3d 507, 516 (7th Cir. 2000); *see also Kimberly-Clark Corp. v. James River Corp. of Va.,* 131 F.R.D. 607, 608 (N.D. Ga. 1989). The party seeking bifurcation bears the burden of proving that bifurcation is warranted. *Real v. Bunn-O-Matic Corp.,* 195 F.R.D. 618, 620 (N.D. Ill. 2000).

In this matter, bifurcation does little to "secure the just, speedy, and inexpensive determination of this action." *BASF Catalysts LLC v. Aristo, Inc.,* No. 07-222, 2009 WL 523123, at * 1 (N.D. Ind. Mar.2, 2009). As argued by SAMS, judicial economy would support the trying of both liability and damages in one trial. Trying both issues simultaneously would ensure not only the speedy resolution of this case, but additionally provide for a situation where a subsequent appellate ruling would not warrant an additional trial. Because Environs has not demonstrated that bifurcation is warranted, Environs' Motion to Bifurcate Trial for Trying Issues of Liability and Damages (Dkt. 149) is hereby **DENIED**.

SO ORDERED.

Date: 06/09/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

2

Distribution to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com