UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMS HOTEL GROUP, LLC d/b/a )<br>HOMEWOOD SUITES HOTEL, )<br>    )<br>    Plaintiff, )<br>    )<br>         v. )<br>    )<br>ENVIRONS, INC. )<br>    )<br>    Defendant. ) | CASE NO. 1:09-cv-0930-TWP-TAB |

## ORDER ON PARTIES' MOTIONS *IN LIMINE*

Before the Court are Plaintiff's SAMS Hotel Group, LLC d/b/a Homewood Suites Hotel's ("SAMS"), Motions *in Limine* (Dkt. No. 158) and Defendant Environs, Inc.'s ("Environs") Motions in Limine (Dkt. No. 153). Environs seeks to limit the testimony of SAMS' expert witness Steven Robinson ("Robinson"), and limit the scope of SAMS' witness, James L. McClain ("McClain"). SAMS moves this Court to exclude evidence and testimony relating to alleged non-party fault.

District courts have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine* and evidence should be excluded *in limine* only where it is clearly inadmissible on all potential grounds. See, *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir.2002). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Techs., Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Thus, the party moving to exclude evidence *in limine* has the burden of establishing that the evidence is not admissible for any purpose. *Id.* In addition, where, as here,

the proceeding is a bench trial, the court has leeway to provisionally admit testimony or evidence and to disregard later if, upon reflection, it should have been excluded.

Where the gatekeeper and the factfinder are one and the same – that is, the judge – the need to make such decisions prior to hearing the testimony is lessened. *See United States v. Brown,* 415 F.3d 1257, 1268-69 (11th Cir.2005). With respect to the exclusion of testimony of experts, the scientific reliability requirements are not lessened; however, the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

> There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself. Under this sensible approach, the judge in a bench trial may choose to allow the presentation of borderline testimony, subject the testimony to the rigors of cross-examination, and decide later whether the testimony is entitled to some consideration or whether it should be excluded as irrelevant, unreliable, or both.

*Mintel Intern. Group, Ltd. V. Neergheen*, 636 F.Supp2d 677 (N.D.Ill. 2009).

The issues have been fully briefed. For the reasons set forth below, the Court now **DENIES** Environs' Motions *in Limine* (Dkt. No. 153) and **DENIES** SAMS' Motion *in Limine* (Dkt. No. 158).

1. **Environs' Motion *in Limine* to limit testimony of Steve Robinson**

Through its Motion, Environs ask this Court to limit the testimony of SAMS' expert witness Robinson to opinions stated in his July 1, 2010 Fed. R. Civ. P. 26(a)(2)(B)(i) expert report. Environs contends that specific statements from Robinson, relating to the "good practice" and "standard of care" within the profession, relate to SAMS' prior negligence claim, and that they are now no longer at issue and irrelevant. SAMS opposes Environs' Motion on

several grounds. SAMS first asserts that Environs' Motion is untimely – citing to the December 1, 2010 deadline to limit or preclude expert testimony. SAMS further asserts that the testimony Environs seeks to preclude relates to more than industry practice and Environs' deviation, but speaks to Environs' breach of their implied promise to have the skill and ability to do the job as required by the contract. SAMS asserts that this breach – in not involving a structural engineer – resulted in the "absence of critical elements of structural design." The Court agrees with SAMS that Robinson's testimony is relevant to the question of whether Environs breached the duty implied in every contract to provide services in a "workmanlike" manner. Environs will have opportunity to object if they believe SAMS goes beyond the scope of permitted testimony. The Motion *in Limine* is therefore **DENIED**.

**2.      Environs' Motion *in Limine* to exclude testimony of Jim McClain**

Environs requests that this Court limit the testimony of SAMS' witness McClain to that of a fact witness only. This is not the first time that the testimony of McCain has been challenged. In a motion to preclude expert testimony, Environs previously moved this Court to intervene regarding McClain's testimony. In its March 15, 2011 Order, the Magistrate Judge found that McClain was not retained or employed to testify and that no export report was required. (Dkt. 153 at 3.) The court continued its discussion by addressing the factors necessary to exclude an undisclosed expert witness.

In determining whether to exclude an undisclosed expert, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) that party's ability to cure any prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). This Court found insufficient rationale to exclude the testimony of the

undisclosed witness, but found that the proper scope of McCain's testimony would ultimately be an issue for the trial judge. *Id.* The Court agrees with the reasoning of the Magistrate Judge. The evidence suggests that not only was Environs privy to the information to be discussed by McClain *prior* to litigation through pre-litigation negotiation, initial disclosures and produced documents, but that Environs was provided an opportunity to depose McClain. Further, the Court has not been directed to anything within the record that would support a finding that SAMS acted in bad faith.

Therefore, the Court will not exclude McClain's testimony through the vehicle of a Motion *in Limine*. McClain may testify as a fact witness and may testify as to his opinions formed during his work investigating and proposing a remediation plan for the hotel project. McClain however may not testify as a traditional expert, specifically retrained for trial. Environs will have opportunity to object to McClain's testimony if it feels that it is beyond the scope of permitted testimony. Environs' Motion *in limine* (Dkt. No. 153) is **DENIED**.

**3.     SAMS' Motion *in Limine***

Through its Motion, SAMS seeks to exclude expert and lay testimony relating to other causes of building defects. This is not the first time this issue has been before the Court. The issue of comparative causation came before the Court through SAMS' motion to exclude the expert reports of Environs' experts Timothy Specht and William Norman relating to the other possible causes of defects in the building. In this motion, Environs argued that information relating to other causes of defects in the building were relevant to determining whether the alleged breach of contract was "the" substantial factor. Environs now comes before the Court limiting its argument specifically to the causation issue in a breach of contract case.

Both the Seventh Circuit and Indiana Courts have discussed the law regarding causation in contract law. "As in tort law, so in contract law, causation is an essential element of liability." *Wisc. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1289 (7th Cir. 1986). "A plaintiff must prove that the alleged breach of contract was <u>a cause in fact</u> of his loss, which requires a showing that the breach was a <u>substantial factor</u> in bringing about the plaintiff's damages." *See generally Lincoln Nat'l Life Ins. Co. v. NCR Corp.*, 772 F.2d 315, 320 (7th Cir.1985) (emphasis added); *see also Fowler v. Campbell*, 612 N.E.2d 596, 602 (Ind. Ct. App. 1993) ("[T]he test of causation in common law contract actions is not whether the breach was the only cause, ... but whether the breach was a substantial factor in bringing about the harm."); *Thor Elec., Inc. v. Oberle & Ass., Inc.,* 741 N.E.2d 373, 381 (Ind. Ct. App. 2000); *Rollins Burdick Hunter of Utah, Inc. v. Board of Trs. of Ball State Univ.,* 665 N.E.2d 914, 922 (Ind. Ct. App. 1996). All the plaintiff must do to establish liability under a breach of contract claim is to establish one causal factor sufficient for a reasonable jury to conclude that it is more likely than not the cause in fact of plaintiff's damages. *Coachmen Industries, Inc*., at *16.

Ultimately, "while there may be other contributing causes and more than one factor operating, the trier of fact may determine that one cause predominates over another in bringing about the harm." *Coachmen Industries, Inc. v. Kemlite*, 2008 WL 4858385, at *16 (N.D.Ind. November 10, 2008) (quoting *Fowler v. Campbell,* 612 N.E.2d 596, 602 (Ind. Ct. App. 1993)); *see also Thor Elec.,* 741 N.E.2d at 381; *see also Parke State Bank v. Akers,* 659 N.E.2d 1031, 1034 (Ind. 1995). Considering that the *cause in fact* is proven by establishing that the breach was a *substantial* factor, rather than the *only* factor, the Court will allow information related to other contributing factors in order to preserve Environs' ability to assert as a defense that the damages were caused *entirely* by other factors and not in any part due to Environs' alleged

5

breach or that Environs' alleged breach was not a cause in fact. Environs, however, may not argue that while it is partially responsible for SAMS' damages, its liability is alleviated because others are responsible too. *Fowler v. Campbell,* 612 N.E.2d 596, 602 (Ind. Ct. App. 1993). SAMS' Motion *in limine* (Dtk. No. 158) is **DENIED.**

SO ORDERED. 6/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com