UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMS HOTEL GROUP, LLC d/b/a ) | |
| HOMEWOOD SUITES HOTEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1:09-cv-0930-TWP-TAB |
| v. ) | |
| ) | |
| ENVIRONS, INC. ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S OBJECTION TO DEFENDANTS' EXPERT OPINION**

This matter is before the Court on Plaintiff, SAMS Hotel Group, LLC d/b/a Homewood Suites Hotel's ("SAMS"), Objection to Defendant, Environs, Inc.'s ("Environs"), expert report of William Norman ("Norman"). The Court will not delve into the factual background of the case, as the parties are well versed. The Court will, however, restate the fact that this five day bench trial is scheduled to commence on July 11, 2011 at 9:00 a.m. For the following reasons, SAMS' Objection to William Norman's Supplemental Report (Dkt. 172) is **SUSTAINED**.

I. DISCUSSION

Pursuant to Rule 26(a)(2), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence and must make these disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). *Custom Foam Works, Inc. v. Hydrotech Systems, Ltd.*, No. 09–cv–0710–MJR, 2011 WL 2161106, at *1 (S.D. Ill. June 01, 2011). Rule 26(a)(2)(B) requires expert witness disclosures to include, *inter alia,* a complete statement of all opinions the witness will express and the basis and reasons for them. *Id.*; Fed. R. Civ. P. 26(a)(2)(D). Rule 26(a)(2)(D) also requires that, absent a court order, a disclosure must

be made (i) at least 90 days before the date set for trial or for the case to be ready for trial or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), *within 30 days after the other party's disclosure*. *Id*. (emphasis added); Fed. R. Civ. P. 26(a)(2)(D).

> On March 15, 2011, nearly three months ago, Judge Baker found the following:
>
> After litigation began, Plaintiff identified McClain as a fact witness in its initial disclosures and produced documents containing his conclusion that "all three towers were to have been <u>shear towers to take the wind/seismic loads</u> on the building. If this were the case then all three towers should have had a properly designed <u>mat footing</u> under each tower." … Defendant now has an opportunity to cure any alleged prejudice without disrupting the trial date by deposing McClain and retaining its own structural engineer, thereby undercutting Defendant's claim of "trial by surprise."

Dkt. 143 at 2-3. Through this Order, Environs was put on notice of the Court's unwillingness to preclude expert testimony of SAMS' James McClain related to observations contemplated and formed as a structural engineer before the present litigation.

Further, Judge Baker was explicit in providing a framework for the potential avenues available for Environs. Environs, however, chose to neither depose McClain, nor timely submit a rebuttal report addressing the challenged testimony of McClain. Now, on the eve of trial, Environs has submitted to this Court and to opposing counsel, a "supplemental" expert report addressing these issues. This report, filed on June 15, 2011, three months after Judge Baker's ruling on McClain's testimony and approximately one month before the trial date is untimely. The Court agrees with SAMS; whether the additional opinions of Norman are viewed as a "supplemental" expert opinion or a rebuttal to Mr. McClain's opinion, Environs' disclosure is too late. If admitted at trial, the prejudice and surprise of this untimely report would be significant to SAMS. Environs, therefore, will not be permitted to present testimony related to the recently added expert report of Norman. (Dkt. 164, Def.'s Ex. 340).

## II. CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** SAMS' Objection to Environs' untimely expert rebuttal disclosure and precludes Environs' from presenting the evidence related to the recently filed expert report at trial.

SO ORDERED.

Date: 07/06/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com