# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

SAMS HOTEL GROUP, LLC d/b/a )
HOMEWOOD SUITES HOTEL, )
                                 )
         Plaintiff, )
                                 )      CASE NO. 1:09-cv-0930-TWP-TAB
         v. )
                                 )
ENVIRONS, INC. )
                                 )
         Defendant. )

## ENTRY ON SAMS' OBJECTIONS TO ENVIRONS' DEPOSITION DESIGNATIONS

This matter is before the Court on Plaintiff SAMS Hotel Group, LLC d/b/a Homewood Suites Hotel's ("SAMS") Objection to Defendant Environs, Inc.'s ("Environs") designation of deposition testimony of witness Amarish Patel ("Mr. Patel"). For the following reasons, SAMS' Objection to Environs' designation of deposition testimony (Dkt. 178) is **OVERRULED**.

The Court will not delve into the factual background of the case, as the parties are well versed. SAMS argues that Environs' deposition designations from Mr. Patel's August 27, 2010 discovery deposition, taken for use in a separate Indiana state court litigation, constitute impermissible hearsay. Both parties agree that Mr. Patel is outside the reach of this Court's subpoena power, and thus unavailable. SAMS however, claims that because Patel's employer, Condor Concepts LLC, was non-compliant with respect to specific discovery requests, SAMS was "deprived of the opportunity to adequately develop the testimony of Patel by direct, cross, or redirect examination" as required by Fed. R. Evid. 804(b)(1). SAMS argues that the deposition designations offered by Environs are impermissible hearsay. The Court respectfully disagrees. The evidence presented through this Objection, does not support a finding that SAMS did not

have a meaningful opportunity to develop Mr. Patel's testimony during his August 27, 2010 deposition. SAMS objection would go to the weight that the Court should give the designated deposition testimony; not its admissibility. SAMS' objection to the use of Mr. Patel's deposition testimony is therefore **OVERRULED**.

SAMS further objects to specific testimony by Mr. Patel, asserting that certain designations constitute impermissible hearsay within hearsay. In the unique position of a bench trial, where the fact finder and the gatekeeper are the same, the Court believes it can better make determinations regarding whether each individual statement constitutes inadmissible hearsay, or whether an exception exists, at the time of trial. For now, SAMS' objection to those designations characterized as impermissible hearsay is **OVERRULED**.

Further, SAMS has tendered counter-designations of Mr. Patel's testimony, which this Court will accept. Just as Environs will have full opportunity to present its designations to the Court, SAMS' may also present its counter-designations and both SAMS' and Environs will be able to raise any objections to the designations as they are offered at trial.

SO ORDERED.

Date:   07/08/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Michael Paul Bishop
COHEN GARELICK & GLAZIER
mbishop@cgglawfirm.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Colin Edington Connor
PLEWS SHADLEY RACHER & BRAUN
cconnor@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com